J-S28004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| MALCOM XAVIER ROGERS | : | |
| | : | |
| Appellee | : | No. 41 MDA 2019 |

Appeal from the Order Entered December 7, 2018
in the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0003696-2018

BEFORE:  BOWES, J., McLAUGHLIN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED DECEMBER 20, 2019**

The Commonwealth appeals from the December 7, 2018 order, which granted the motion to suppress physical evidence filed by Malcom Xavier Rogers.[1]  Upon review, we reverse and remand the case for trial.

We provide the following factual summary based upon the testimony at the suppression hearing held on October 29, 2018.  During the afternoon of August 2, 2018, Reading Police Officer Hector Marinez was on patrol and observed Rogers operating a burgundy Jeep in the opposite lane of travel in the 200 block of Greenwich Street during what Officer Marinez described as a "torrential downpour."  N.T., 10/29/2018, at 4-5, 8, 18-19.  Officer Marinez

_____

[1] The notice of appeal included the Commonwealth's certification that the suppression order terminated or substantially impeded the prosecution of this case pursuant to Pa.R.A.P. 311(d).

* Retired Senior Judge assigned to the Superior Court.

proceeded to the next intersection, heard a loud noise, and using his rearview mirror, he observed Rogers's vehicle perform a burnout[2] at the intersection of 2nd and Greenwich Streets before turning right "at a high rate of speed" onto 2nd Street. *Id.* at 5, 9. Officer Marinez testified that the burnout seemed intentional because of its duration. *Id.* at 19. The intersection is a four-way intersection with four stop signs and at times, has pedestrians in the vicinity. *Id.* at 7-8. Having deemed the maneuver careless driving, Officer Marinez executed a U-turn, pursued Rogers, and initiated a traffic stop in the 600 block of 2nd Street. *Id.* at 8-9.

Rogers immediately exited the vehicle, but Officer Marinez instructed him to return to the driver's seat. *Id.* at 10. Thereafter, Officer Marinez discovered that Rogers was operating the vehicle with a suspended license. *Id.* at 11. Upon directing Rogers to step out of the vehicle, Officer Marinez observed green vegetative material, later determined to be a synthetic cannabinoid, scattered on the driver-side floor mat. *Id.* at 11-12. The ensuing search of the automobile revealed a handgun stowed in the glove compartment. *Id.* at 13. After Officer Marinez placed Rogers under arrest and instructed him to put his hands behind his back, Rogers fled on foot for approximately twenty feet, but stopped after the officer threatened to deploy his Taser. *Id.* at 13-14.

---

[2] Officer Marinez described a burnout as "when somebody is keeping the vehicle stationary by applying the brakes and [the accelerator] at the same time[,] causing the wheels of the vehicle to spin, and usually on a dry surface it causes smoke to rise[.]" N.T., 10/29/2018, at 6.

Based on this incident, the Commonwealth charged Rogers with persons not to possess, firearms not to be carried without a license, escape, possession of a controlled substance, driving while operating privilege is suspended or revoked, and careless driving. On October 5, 2018, Rogers filed a counseled omnibus pretrial motion seeking to suppress all of the physical evidence on the basis that Officer Marinez lacked probable cause to stop Rogers's vehicle.

The suppression court held a hearing on the motion on October 29, 2018. Officer Marinez was the only witness to testify at the suppression hearing. Following the hearing, the suppression court concluded that the burnout did not give rise to probable cause for careless driving, and granted the motion to suppress evidence by order filed December 7, 2018. On January 3, 2019, the Commonwealth filed a timely notice of appeal pursuant to Pa.R.A.P. 311(d), and a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The suppression court filed its Rule 1925(a) opinion on March 1, 2019, relying on its findings of fact and conclusions of law filed on December 7, 2018.

The Commonwealth raises one question for our review: "Did the [suppression] court err in suppressing evidence where Officer Marinez had probable cause to conduct a traffic stop for careless driving, 75 Pa.C.S.[] § 3714?" Commonwealth's Brief at 4.

Our standard of review applicable to suppression determinations is well-settled.

> When reviewing the grant of a suppression motion, we must determine whether the record supports the trial court's factual findings and whether the legal conclusions drawn from those facts are correct. We may only consider evidence presented at the suppression hearing. In addition, because the defendant prevailed on this issue before the suppression court, we consider only the defendant's evidence and so much of the Commonwealth's evidence as remains uncontradicted when read in the context of the record as a whole. We may reverse only if the legal conclusions drawn from the facts are in error.

*Commonwealth v. McCleary*, 193 A.3d 387, 390 (Pa. Super. 2018) (citations and quotation marks omitted).

The Commonwealth contends that Officer Marinez had the requisite probable cause to stop Rogers for careless driving after he observed him conduct the burnout and turn at a high rate of speed onto 2nd Street.[3] Commonwealth's Brief at 13. Specifically, it claims that considering the combination of the heavy rainfall, rain-saturated roads, the location of a four-way intersection known to be frequented by pedestrians, the prolonged

_____

[3] Depending upon the circumstances of the suspected offense, police officers are vested with the authority to stop motor vehicles when the police officer has either probable cause or reasonable suspicion that a violation of the motor vehicle code has occurred or is in the process of occurring. 75 Pa.C.S. § 6308(b). If the underlying suspected offense requires further investigation, then reasonable suspicion of the violation must be present to sustain the stop and ensuing investigation. *See Commonwealth v. Chase*, 960 A.2d 108, 115-16 (Pa. 2008). In contrast, where the underlying suspected offense requires no investigation, probable cause must exist to stop the vehicle. *Id*. This Court has held a traffic stop for careless driving must be supported by probable cause because any investigation subsequent to the stop serves no "investigatory purpose relevant to the suspected [Vehicle Code] violation." *See Commonwealth v. Venable*, 200 A.3d 490, 498 (Pa. Super. 2018), *quoting Commonwealth v. Feczko*, 10 A.3d 1285, 1291 (Pa. Super. 2010) (*en banc*).

- 4 -

burnout, and the vehicle's turn at a high rate of speed created a risk of "someone or something being hurt." *Id.*

In order to justify the traffic stop in the instant circumstances, an "officer must be able to articulate specific facts possessed by him at the time of the questioned stop, which would provide probable cause to believe that the vehicle or the driver was in some violation of some provision of the Vehicle Code." *Commonwealth v. Enick*, 70 A.3d 843, 846 n.3 (Pa. Super. 2013) (citation omitted). Moreover, "[p]robable cause does not require certainty, but rather exists when criminality is one reasonable inference, not necessarily even the most likely inference." *Id*. Finally, "[i]n determining whether probable cause exists, we apply a totality of the circumstances test." *Commonwealth v. Delvalle*, 74 A.3d 1081, 1085 (Pa. Super. 2013) (citation omitted). This involves an objective determination, and must be "viewed from the vantage point of a prudent, reasonable, cautious police officer on the scene at the time of the [seizure] guided by his experience and training." *Commonwealth v. Martin*, 101 A.3d 706, 721 (Pa. 2014) (citation omitted).

The legislature has defined careless driving as occurring when one drives with "a careless disregard for the safety of persons or property." 75 Pa.C.S. § 3714(a). In rejecting the Commonwealth's argument, the suppression court found that the spinning wheels of Rogers's vehicle did not give rise to probable cause for careless driving. Findings of Fact and Conclusions of Law, 12/7/2018, at 4. The court highlighted that there was no evidence of the

vehicle's speed after the burnout, and there was no evidence that the vehicle placed people or property in danger. *Id.* at 3-4. Thus, it found that there was no probability of criminal activity. The court continued that, since the fruit-of-the-poisonous-tree doctrine excludes evidence acquired as a consequence of lawless official acts, such as an unlawful traffic stop,[4] all of the physical evidence was illegally obtained and must be suppressed. *Id.* at 4-5.

In support of their respective claims, both the Commonwealth and Rogers rely on *Venable*, *supra*, where this Court affirmed the trial court's finding that a police officer had probable cause to believe Venable was in violation of the careless driving statute because Venable's actions placed others at risk of harm. Namely, Venable made a quick turn that caused the rear wheels of his vehicle to kick out into opposing traffic and then quickly executed a turn without signaling. This Court held that

> [u]pon review, we find that [the police officer's] observations of [Venable] "spinning his tires, causing the rear end of the truck to kick out or fishtail into the other lane, and then accelerating very quickly west on High Street," were sufficient to give the [officer] probable cause to stop [Venable] for careless driving.

*Venable*, 200 A.3d at 499 (ellipsis and some brackets omitted).

---

[4] *See*, *e.g.*, *Commonwealth v. Santiago*, 209 A.3d 912, 916 n.4 (Pa. 2019) ("[G]enerally speaking, the exclusionary rule applies to evidence obtained from a search or seizure in violation of the Fourth Amendment. The fruit[-]of[-]the[-]poisonous[-]tree doctrine extends the exclusionary rule to render evidence inadmissible which was derived from the initially illegally obtained evidence.").

The evidence presented at the suppression hearing was sufficient to give the officer probable cause to believe that Rogers carelessly disregarded the safety of persons or property. Rogers conducted an intentional burnout with a vehicle and then turned the vehicle onto a different street at a high rate of speed in the middle of the day during a torrential downpour while at an intersection with four stop signs, where pedestrians are known to be present. As Officer Marinez testified, "sometimes [the burnout] causes the vehicle to move, specifically the rear, sometimes uncontrollably." N.T., 10/29/2018, at 6. He also stated the fact that it was raining heavily impacted his analysis of the situation because conducting a burnout in such adverse conditions "raises the risk of … someone or something being hurt" due to the "slick roadway." *Id.* at 7.

Under these circumstances, the officer had probable cause to believe that Rogers acted with a "careless disregard for the safety of persons or property" under the careless driving statute. 75 Pa.C.S. § 3714(a). That no other person or property was in sight is of no moment. *See Commonwealth v. Lindblom*, 854 A.2d 604, 608 (Pa. Super. 2004) (finding probable cause established to stop vehicle for careless driving where Lindblom crossed double-yellow and berm lines numerous times, and noting that, even though opposing traffic was not present the entire time Lindblom was driving, "a motorist may be stopped for reckless driving even if the only concern is for the motorist's own safety"). Further, there is an implicit danger in the sudden

acceleration and fast turn at such an intersection, regardless of whether pedestrians or other vehicles are in the vicinity. By conducting the burnout, especially during heavy rain, and then making a turn at a high rate of speed, Rogers created a situation where he was not in complete control of his vehicle. That lack of control, in an area where both vehicular and pedestrian traffic was foreseeable, demonstrates Rogers's careless disregard of the risk of causing damage to persons or property.

Based on the totality of the circumstances, Officer Marinez articulated specific facts that would lead a prudent and reasonable police officer to infer that the driver was in violation of the traffic code. ***See Enick***, ***supra***; ***Martin***, ***supra***. Thus, Officer Marinez had probable cause to conduct the traffic stop for careless driving, and the suppression court erred in granting Rogers's motion to suppress.

Order reversed. Case remanded for trial. Jurisdiction relinquished.

Judge McLaughlin joins in the memorandum.

Judge Bowes files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/20/2019